IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID TYRON JONES                                                          PLAINTIFF

v.                                    No. 4:11CV00216 JLH

ELLIOTT JACKSON, Staff, Arkansas State
Hospital; and JOHN DOE,
West Memphis Public Defenders Office                                       DEFENDANTS

OPINION AND ORDER

On March 7, 2011, the plaintiff David Tyron Jones filed a *pro se* complaint against Elliott

Jackson, an employee of the Arkansas State Hospital, and the West Memphis Public Defenders

Office, in their official and individual capacities.  In his complaint, Jones alleges that he is being

harassed and threatened by staff and patients at the Arkansas State Hospital and that Jackson told

another patient at the hospital to kill Jones because Jones had filed a lawsuit against the hospital.

He also contends that the West Memphis Public Defenders Office failed to inform him "that [he] was

being acquitted of my charge act 911 5 years program in a hospital or group home." (Compl. at p.1.)

Defendant Jackson has filed a motion to dismiss the plaintiff's complaint under the doctrines of

sovereign immunity and qualified immunity and pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  For the following reasons, the defendant's motion to dismiss is granted.

**I.**

Jones alleges that, while he was being held at the Shelby County Jail in Memphis, Tennessee,

he witnessed jailers taking gang members from floor to floor beating inmates to death.  He claims

that similar occurrences are taking place at the Crittenden County Jail in West Memphis, Arkansas,

and at mental hospitals in Arkansas.  (Compl. at p.4.)  Jones specifically alleges that defendant

Elliott Jackson told Brandon Washington, another patient at the Arkansas State Hospital, to kill

Jones because of a lawsuit Jones has filed against the hospital and the staff. (*Id.* at pp.5-6.) He contends that he is being abused, harassed, and threatened by staff and patients at the Arkansas State Hospital. Jones also alleges that the West Memphis Public Defenders Office failed to explain to him "that [he] was being acquitted of my charge act 911 5 years program in a hospital or group home." (*Id.* at p.1.) Jones seeks injunctive relief in the form of placement in federal protective custody "within 48 hours," as well as $1 million in damages. (*Id.* at p.7.)

## II.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (overruling language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), which stated, "a complaint should not be

2

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. at 1964-65 (citations omitted). Stated differently the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

## III.

Jackson alleges that the complaint must be dismissed for failure to state a claim upon which relief may be granted. The Court notes at the outset that, of the facts alleged in the complaint, only two allegations are directed at the named defendants: (1) the allegation that Jackson told another patient to kill Jones because Jones had filed a lawsuit against the hospital; and (2) the allegation that employees of the West Memphis Public Defenders Office failed to explain to Jones that he was being acquitted of certain charges.[1] Neither of these allegations are sufficient to state a claim upon which relief may be granted.

First, Jones cannot state a claim for damages against Jackson in his official capacity as an employee of the Arkansas State Hospital. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." In other words, the Eleventh

---

[1] Although the language of the complaint is unclear, it appears that Jones is alleging he was not properly informed of an acquittal.

Amendment bars federal court suits for money damages against state officers in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 3107, 87 L. Ed. 2d 114 (1985). Thus, Jones's claim for money damages against Jackson in his official capacity as an employee of the Arkansas State Hospital must be dismissed.

Also, to the extent that Jones alleges Jackson violated his constitutional rights pursuant to 42 U.S.C. § 1983,[2] he has failed to state a claim upon which relief may be granted. "To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right." *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011). Here, Jones does not allege that Jackson abused, harassed, or threatened him in retaliation for filing his claims against the hospital and staff; rather, he contends that Jackson told others to hurt Jones. In other words, he alleges that Jackson conspired against him in retaliation for filing his claims.[3]

For a conspiracy claim to survive a motion to dismiss, the plaintiff must allege (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the

---

[2] Jones has also failed to state a claim under 42 U.S.C. § 1985. In addition to the allegations necessary to state a conspiracy claim under § 1983, to state a conspiracy claim under § 1985, Jones must allege facts that demonstrate an "intent to deprive of equal protection of the laws." *Lewellen v. Raff*, 843 F.2d 1103, 1116 (8th Cir. 1988). He has not. *See also Hinkle v. City of Clarksburg*, 81 F.3d 416, 423 n.4 ("Our holding that Appellants failed to establish a § 1983 conspiracy . . . also disposes of their separate claim of conspiracy under §§ 1985 & 1986.").

[3] Jones does not allege any facts to suggest that Jackson engaged in any behavior that violated Jones's rights apart from the alleged conspiracy. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (finding that where complaint did not allege defendant's personal involvement in or direct responsibility for incidents that injured plaintiff, the claims were not cognizable under § 1983).

4

overt act deprived the plaintiff of his constitutional rights. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999); *see also Arnold v. Groose*, 109 F.3d 1292, 1298 (8th Cir. 1997) (finding that a conspiracy between guards and inmates to kill the plaintiff was actionable only after an aborted attempt on the plaintiff's life). Allegations of conspiracy must be pleaded with sufficient specificity and factual support to find a meeting of the minds. *Williams-Bey v. Kempker*, 192 F. App'x 569, 571 (8th Cir. 2006); *see also Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989); *Weaver v. CCI Director*, No. CV F 06 1341, 2006 WL 3834401, at *3 (E.D. Cal. Dec. 26, 2006) (finding that allegations of a vague conspiracy by officials to murder plaintiff were insufficient to state a claim under 42 U.S.C. § 1985). Here, Jones has failed to allege facts to indicate that the alleged co-conspirators came to any mutual understanding or agreement about the conspiracy. Nor does Jones contend that the general allegations of abuse, harassment, and threats are in any way connected to the conspiracy. In fact, Jones makes no claim against Brandon Washington, the patient with whom Jackson allegedly conspired, nor does he allege that Washington abused, harassed, or threatened him in any way. Because Jones does not allege facts indicating a meeting of the minds or an overt act in furtherance of the conspiracy, he has failed to state a claim against Jackson upon which relief may be granted.[4]

Jones also alleges that the West Memphis Public Defenders Office should be held liable for failing to explain to him that he was being acquitted of certain charges. This allegation does not amount to a claim upon which relief can be granted, however, as § 1983 is not generally available

---

[4] Defendant Jackson is also correct that he is entitled to qualified immunity protecting him from suit in his individual capacity. Qualified immunity protects an official from suit when the plaintiff has failed to allege the violation of a constitutional right, or when that right was not clearly established at the time of the alleged violation. *Weaver v. Clark*, 45 F.3d 1253, 1255 (8th Cir. 1995). As explained above, Jones does not allege that Jackson violated his constitutional rights, and thus Jackson is immune from suit.

as an avenue of recourse against a public defender. A public defender does not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); *see also Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act 'under color of state law' for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel."). Providing a defendant with information on the charges against him certainly is a traditional function of the counsel. As Jones has failed to allege any other claims against the West Memphis Public Defenders Office, the claim against it must be dismissed.

Finally, even if Jones had stated a valid claim for relief against the defendants, he would not be entitled to the injunctive relief he requests. Jones seeks a preliminary injunction placing him in federal protective custody "within 48 hours." (Compl. at p.7.) Jones's allegation that he is in danger at the Arkansas State Hospital is insufficient for the issuance of a court order that he be taken into federal protective custody. *Gordon v. Causey*, No. 06-3358-SAC, 2007 WL 67593, *2 (D. Kan. February 28, 2007).

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is GRANTED. Document #11. All other pending motions are DENIED as moot.

IT IS SO ORDERED this 27th day of April, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE